UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LANDON T. HARBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:14-CV-31-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Landon T. Harbert, a *pro se* prisoner, filed an amended habeas petition pursuant to 28 U.S.C. § 2254 challenging a state criminal proceeding. (Amended Petition, ECF No. 4.) The Court is obligated to review the Petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the Petition and attachments, Harbert has been charged with armed robbery, theft, and conspiracy in Tippecanoe County. (Amended Petition at 1.) He has not yet been convicted. (*Id.* at 2–3.) His first trial ended in a mistrial (which was requested by his counsel) after a police officer provided testimony that violated a motion *in limine*. (*Id.* at 7, 22–23.) A second trial was held, but the jury was unable to reach a verdict. (*Id.* at 4.) Harbert has an upcoming trial date of August 4, 2014, for his third trial. (*Id.* at 3.) He moved in the trial court to dismiss the charges on double jeopardy grounds, but the court denied his motion. (*Id.* at 29.) He also filed, *pro se*, a motion requesting leave to pursue an interlocutory appeal of that decision, but his request was denied. (*Id.* at 37.)

In May 2014, Harbert sought federal habeas relief, and later amended his petition. In his Amended Petition he asserts two claims: a due process claim based on alleged unfairness in the

state proceedings, and a claim that his upcoming retrial is barred by the Double Jeopardy Clause. (Amended Petition at 3, 11–15.)

Harbert's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person incarcerated pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application"

clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* This is a difficult standard to meet, and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* —U.S.—, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Instead, to obtain relief, a petitioner must show the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (internal citations and quotation marks omitted).

Here, it is apparent that Harbert has not yet exhausted his state court remedies. Indeed, he has not yet been convicted. "Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel.*

*Stevens v. Cir. Ct. of Milwaukee Cnty.*, 675 F.2d 946, 947 (7th Cir. 1982). In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that equity and federalism concerns require the federal courts to abstain from enjoining or interfering in state criminal prosecutions. *See also FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (*Younger* abstention "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). The Supreme Court has carved out a narrow exception to this rule in the case of double jeopardy challenges. *Justices of Boston Municipal Ct. v. Lydon,* 466 U.S. 294, 302–03 (1984). The Court reasoned that double jeopardy rights "cannot be fully vindicated on appeal following final judgment, since in part the Double Jeopardy Clause protects 'against being twice put to trial for the same offense.'" *Id*. at 303. Accordingly, a federal habeas court has jurisdiction to entertain a colorable double jeopardy claim in advance of trial, notwithstanding the holding in *Younger*. *Id.*

As noted above, Harbert raises two claims in his Amended Petition: a due process claim and a double jeopardy claim. His due process claim is premised on alleged misconduct by the prosecutor during discovery, and mishandling of evidence and witnesses by the trial court. (Amended Petition at 4, 11–12.) He also appears to argue that there is no physical evidence linking him to the crime. (*Id.* at 12, 16–21.) Such claims do not present a cognizable basis for this court to interfere with an ongoing state criminal proceeding in light of *Younger*. *See Stevens*, 675 F.2d at 947. Nevertheless, Harbert also advances a claim that his upcoming retrial violates double jeopardy principles. If he presents a colorable double jeopardy violation, this court has authority to entertain the petition notwithstanding *Younger*. *See Lydon,* 466 U.S. at 302–03; *see also Walck v. Edmondson*, 472 F.3d 1227, 1234 (10th Cir. 2007) ("*Younger* abstention is

4

unwarranted where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of her double jeopardy rights.").

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND V. "The Double Jeopardy Clause, however, does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982). "If the law were otherwise, the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again." *Id.* (internal citation omitted).

Here, it is apparent from the Amended Petition and attachments that Harbert's first trial ended after his attorney moved for and was granted a mistrial. (Amended Petition at 7, 22.) Double jeopardy does not preclude a retrial after a mistrial is declared at the request of the defense. *Kennedy*, 456 U.S. at 679. There is a narrow exception for cases where the prosecutor has intentionally "goaded" the defense into moving for a mistrial for the purpose of ending the trial. *Id.*; *United States v. Oseni*, 996 F.2d 186, 188 (7th Cir. 1993). The intent of the prosecutor is the determining standard, and even where the prosecutor engages in misconduct that might be viewed as "harassment or overreaching," a retrial is not barred "absent intent on part of the prosecutor to subvert the protection afforded by the double jeopardy clause." *Kennedy*, 456 U.S. at 676. That is a difficult standard to meet. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> The requirement of the intent is critical, and easily misunderstood. The fact that the government blunders at trial and the blunder precipitates a successful motion for a mistrial does not bar a retrial. Yet the blunder will almost always be intentional—the product of a deliberate action, not of a mere slip of the tongue. A prosecutor who in

> closing argument comments improperly on the defendant's failure to have taken the stand, thus precipitating a mistrial or a reversal on appeal, is no doubt speaking deliberately, though his judgment may be fogged by the heat of combat. But unless he is trying to abort the trial, his misconduct will not bar a retrial. It doesn't even matter that he knows he is acting improperly, provided that his aim is to get a conviction. . . . .The only relevant intent is intent to terminate the trial, not intent to prevail at this trial by impermissible means.

*Oseni*, 996 F.2d at 188 (internal citations omitted).

Here, the record reflects that the defense moved for a mistrial after an exchange between the prosecutor and one of the state's witnesses, Lt. Troy Harris, during direct examination. (*Id.* at 22.) The prosecutor was inquiring about a vehicle the officer had recovered, and asked him if he knew whom it belonged to. (*Id.*) The officer responded that it belonged to Harbert's wife. (*Id.*) The prosecutor then asked, "And did you acquire any information to verify that?" (*Id.*) The officer responded: "The reason I knew or had suspicion that it belonged to Kristen Young is that the defendant Malcolm Landon[1] had actually been arrested out of that vehicle—" (*Id.*) At that point defense counsel objected. (*Id.*) Discussions ensued outside the presence of the jury, and the trial court ultimately granted a mistrial. (*Id.* at 7, 22.)

Harbert appears to argue that the prosecutor engaged in misconduct by failing to properly counsel this witness to avoid testimony about any prior arrests. (*Id.* at 22.) Even if this "blunder" could be characterized as misconduct, it is not the type of intentional act by the prosecutor that would preclude a retrial on double jeopardy grounds. *See Kennedy*, 456 U.S. at 674–75; *Oseni*, 996 F.2d at 188. Indeed, in the state proceedings, Harbert attributed the incident to intentional conduct by Lt. Harris aimed at garnering a conviction by any means necessary. (Amended

---

[1] It is unclear from the present record whether the officer misstated Harbert's name or if he was perhaps referring to an alias.

Petition at 24–25.) The officer's objectionable testimony was not even responsive to the prosecutor's question, and there is nothing before this court to plausibly suggest an intent by the prosecutor to bring the trial to an end.

Harbert's second trial ended in a hung jury. (Amended Petition at 9.) "[D]ouble jeopardy does not preclude the government from retrying a defendant where a jury fails to reach a verdict in the first trial." *United States v. Warren*, 593 F.3d 540, 544 (7th Cir. 2010). Therefore, Harbert has not alleged a claim that would permit this court's interference with an ongoing state criminal proceeding. His Amended Petition will be dismissed, but the dismissal will not preclude him from seeking federal habeas relief at a later date, if he is convicted and properly exhausts his claims in one complete round of state review. *See* 28 U.S.C. § 2254(b)(1)(A).

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, under *Younger*, this court is not permitted to enjoin or otherwise interfere with an ongoing state criminal proceeding. Harbert has not alleged the type of claim that would fall within the narrow exception to the *Younger* doctrine. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Harbert to proceed further until the state

7

process has concluded. Accordingly, the Court declines to issue Harbert a certificate of appealability.

As a final matter, Harbert moves for the appointment of counsel [ECF No. 5]. Unlike a criminal defendant, an indigent civil litigant does not have a right to counsel at public expense. *See Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) ("It is . . . well established that a criminal defendant enjoys [a] right to counsel through his first appeal . . . but that, once the direct appeal has been decided, the right to counsel no longer applies."); *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). The court nevertheless has discretion to appoint counsel if the circumstances warrant it. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The court will abuse its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281. The court must make a threshold inquiry into whether the petitioner has made a reasonable attempt to obtain counsel on his own. *Id.*; *Pruitt*, 503 F.3d at 654–55.

Here, Harbert states in general terms that he attempted to find counsel on his own, but he does not provide any information about whom he contacted, where these attorneys are located, when he contacted them, or what information he conveyed. It is unclear whether the attorneys he contacted practice in this jurisdiction or accept cases in this subject area. The Court concludes

8

that Harbert has not demonstrated compliance with the first prong of the *Pruitt* inquiry. This alone warrants denial of the motion.

Even if the Court were to proceed further with the inquiry, Harbert has not demonstrated that he "could not obtain justice without an attorney" in this case. *Winslett*, 130 F.3d at 281. Harbert has ably represented himself in this case. His filings are neatly presented and contain detailed factual recitations and cogent legal arguments in support of his position. In addition to filing a detailed petition, he assembled and submitted dozens of pages of exhibits relevant to this Court's review. His filings were well-drafted; his case simply did not involve the type of facts that would permit this Court to entertain a request for habeas relief in advance of trial. There is no indication an attorney could have done any better in light of these facts. The Court also considers that Harbert has been filing *pro se* documents in the state trial court, including a request for leave to pursue an interlocutory appeal and a motion containing a detailed analysis of the facts and applicable legal principles relevant to his double jeopardy argument. (Amended Petition at 30–35.) Thus, even if Harbert satisfied the first prong of the inquiry, the Court would not conclude that justice requires the appointment of counsel in this case. Accordingly, the Motion will be denied.

For these reasons, the Amended Petition [ECF No. 4] is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The Court **DENIES** the Petitioner a certificate of appealability. The Petitioner's Motion for Appointment of Counsel [ECF No. 5] is **DENIED.**

SO ORDERED on July 7, 2014.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION